## Central Gas & Electric Fixture Co. v. Kohn.

*(City Court of New York, General Term. November 25, 1892.)*

**1. Guaranty—Failure to Pay—Consideration.**
    In an action on a written guaranty of payment of an account against a third person for a specified consideration, it appeared that six months after the guaranty was signed plaintiff offered defendant, the guarantor, the consideration in greenbacks, but did not leave the money with him, although defendant was willing to accept it. *Held*, that plaintiff was entitled to recover, since he was at most only required to tender the consideration, and not actually pay it. NEWBURGER, J., dissenting.

**2. Contract with Third Person—Failure of Plaintiff to Comply Therewith.**
    Where, in such case, the account was for fixtures for a building, the failure of plaintiff to hang the fixtures by the date fixed by the contract with such third person is not available as a defense by the guarantor, when such failure was the fault of the third person.

Appeal from trial term.

Action by the Central Gas & Electric Fixture Company against August Kohn on a written guaranty. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

*William J. Lippman,* for appellant. *Birdseye, Cloyd & Bayliss,* for respondent.

FITZSIMONS, J. The plaintiff agreed with one Carey on April 15, 1891, to furnish and hang certain gas fixtures in house at 104th street and Eighth avenue, for the sum of $1,350, to be completed May 1, 1891. On April 16, 1891, the following agreement was made by defendant with plaintiff: "In consideration of the sum of one dollar to me in hand paid by the within-named Central Gas & Electric Fixture Company, the receipt of which is admitted, and of the sum of one hundred and ten dollars to be paid to me, and of other good and sufficient considerations me hereunto moving, I hereby guaranty the payment of the within-named sum of $1,350.00 by the said Carey to the said company for said fixtures, when hung as therein stated, and promise and agree to pay the same to the said company on the 15th day of May, 1891, unless the said Carey shall, on or before said date, pay the same to the said company in full." The failure of Carey to have the buildings mentioned in a condition so as to permit plaintiff to hang the fixtures on or before May 1st, and the fact that such fixtures were only partially put up at that time, and that subsequently nearly all the remainder were placed in position, does not free defendant from his obligation to pay therefor, as that was the fault of Carey, not the fault of plaintiff. Plaintiff is entitled to a recovery against defendant, even though the contract made with Carey was only substantially performed. The plaintiff was not required to actually pay the $110, mentioned in the guaranty, to defendant before he received the $1,350 provided for in such guaranty. The performance of these several acts was independent of each other, and it was only necessary for plaintiff to tender

said $110 at most. The defendant was then required to perform his part of the contract, and his failure to do so entitled plaintiff to institute against him this cause of action. We find no error. Judgment affirmed, with costs.

EHRLICH, C. J., concurs in result.

NEWBURGER, J., (*dissenting.*)  This is an appeal from a judgment entered upon a verdict in favor of the plaintiff. The plaintiff, in writing, offered to place gas fixtures in certain apartment houses in this city, which offer was accepted by the then owner, one John J. Carey. Subsequently the defendant executed a guaranty, as follows: "In consideration of the sum of one dollar to me in hand paid by the within-named Central Gas & Electric Fixture Company, the receipt of which is admitted, and of the sum of $110 to be paid to me, and of other good and sufficient considerations me hereunto moving, I hereby guaranty the payment of the within sum of $1,350.00 by the said Carey to the said company for the said fixtures, when hung as therein stated, and promise and agree to pay the same to the said company on the 15th day of May, 1891, unless the said Carey shall, on or before the said day, pay the same to the said company in full." On the trial of this action, at the close of plaintiff's case, defendant moved to dismiss the complaint, on the ground, among others, of the invalidity of the tender made by the witness Coles on behalf of the defendant, which motion was denied and exception taken.

It appears that the guaranty was signed and delivered on or about the 16th day of April, 1891, and that the sum of $110, agreed to be paid by plaintiff to the defendant, was not then paid. On October 13, 1891, more than six months thereafter, Coles offered the defendant $110 in greenbacks, and asked the defendant to carry out his contract. He did not leave the $110 with the defendant, although said defendant was willing to accept the sum. The complaint should therefore have been dismissed.

Before the plaintiff can recover, it is necessary for it to show that the consideration referred to in the guaranty was fully paid, and, as it appears uncontradicted that the amount of the consideration referred to in the guaranty was not paid, the trial justice erred in denying defendant's motion. For these reasons, the judgment must be reversed, and a new trial ordered, with costs to abide the event.